25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ali CROWTHER, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9567.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ali Crowther petitions for review of the order of deportation entered by the Board of Immigration Appeals ("Board"). Mr. Crowther was admitted to the United States as a nonimmigrant visitor authorized to remain until January 7, 1978. He did not depart, in violation of section 241(a)(2) of the Immigration and Naturalization Act (INA), 8 U.S.C. 1251(a)(2) (amended 1990). In November, 1979, he was convicted of making false statements to a government agency but, ultimately, was sentenced to less than a year in prison. He therefore was not deportable under section 241(a)(4).
 
 
 3
 In the most recent proceeding before the Board, Mr. Crowther did not contest his deportability or the denial of his request for the privilege of voluntary departure. Rather, he contested the Immigration Judge's decision denying him discretionary adjustment of status under section 245 of the INA.[2]
 
 
 4
 On appeal Mr. Crowther states the issue as follows:
 
 
 5
 Whether the Board of Immigration Appeals abused its discretion by inexplicably departing from and misapplying previous Board precedent and the applicable facts in determining that the Petitioner's application for adjustment of status should be denied in the exercise of discretion.
 
 
 6
 Pet'r Br. at 3.
 
 
 7
 We have considered Mr. Crowther's arguments in light of the record, particularly the Board's decision dated August 26, 1993, and conclude that the Board did not err. Accordingly, we DENY the petition for review and AFFIRM the Board's decision. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Under 245(a) of the INA, 8 U.S.C. 1255(a), the attorney general may, in her discretion, adjust the status of an alien inspected and admitted to the United States to a lawful permanent resident. The statute reads:
 The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.